[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Stamford, Connecticut on September 21, 1974. The plaintiff wife has resided continuously in the State of Connecticut for more than one year next preceding the date of the filing of the complaint. There are no minor children issue of the marriage. The parties have one child, issue of the marriage, a 21 year old daughter. The evidence presented indicates that this marriage has irretrievably broken down and judgment may enter dissolving the marriage on that ground.
The wife, age 51, is in good health, she has a high school education and is one credit away from receiving a two year certificate at Norwalk Community Technical College, taking principally business related courses in the last few years. During the early portion of the marriage she fulfilled the role of homemaker and mother. Eighteen months after the birth of their daughter the wife started to work part time. She is currently working full time as a secretary for Coco Cola Bottling Co. of New York in Stamford, Connecticut and earns $34,500.00 per year.
The husband, age 63, is in failing health. He has been diabetic for more then ten years. He is receiving social security disability benefits for that condition. In the past year he has undergone two angioplasty procedures for a heart condition. He was born in Italy and came to the United States in 1963. CT Page 7786 According to his testimony, he has a fifth grade education. He was employed for twenty-five years at Pitney Bowes in Stamford and in 1990 accepted an early retirement package. He is unemployed and has three sources of income: a pension from the Italian government, S.S.I. disability and a monthly pension from Pitney Bowes. The evidence was in conflict concerning the specific amount of the husband's income. His income is currently between $30,500.00 and $32,300.00 annually.
Neither party is claiming periodic alimony in their written claims for relief.
The parties have three principal assets: The jointly owned marital home at 9 Revere Road, Darien currently occupied by the wife, a condominium in Pompano Beach, Florida currently owned and occupied by the husband and a rental house jointly owned at 72 Lowelyn Road, Stamford. The wife does not dispute the husband's valuation of the Pompano Beach, Florida property. The plaintiff claims that 72 Lowelyn Road has a market value of $200,000.00, whereas the husband's financial affidavit indicates a $170,000.00 value. The wife does acknowledge that there is a tenant occupying that property with an option to buy for $185,000.00. She signed the option agreement as a co-owner. The parties acknowledge that $15,000.00 has been received as a down payment. The husband has deducted that from the option price resulting in a value of 170,000.00 disclosed in his affidavit. The court credits the husband's financial affidavit as being the more accurate current market valuation for the Stamford property. The court finds the husband's testimony as to the current amount due on the mortgage credible.
Both party's financial affidavits claim that the family home at 9 Revere Road has a market value of $325,000.00. The husband indicates that the outstanding mortgage is $135,000.00. The wife has testified that she pays the mortgage at the Darien property and that the last mortgage bill showed a mortgage balance due of $130,000.00. The court credits the wife's testimony in that regard.
The court has carefully considered the criteria set forth in Connecticut General Statutes §§ 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter: CT Page 7787
1. Neither party will pay periodic alimony to the other party.
2. The husband shall continue to own the Pompano Beach, Florida condominium free and clear of any claims by the wife.
3. The wife shall transfer to the husband all her right, title and interest in and to the real property at 72 Lowelyn Road, Stamford, Connecticut. The husband shall pay for and hold the wife harmless from any and all liabilities arising out of the property, including but not limited to insurance, real estate taxes, utilities, liens and mortgages.
4. The husband shall transfer to the wife all his right, title and interest in and to the real property at 9 Revere Road, Darien, Connecticut. The wife shall pay for and hold the husband harmless from any and all liabilities arising out of the property, including but not limited to insurance, real estate taxes, utilities, liens and mortgages.
5. The wife shall prepare and execute a $30,000.00 mortgage note and deed to the husband, secured by a second mortgage on the real property at 9 Revere Road, Darien, Connecticut. It shall be subordinated only to a first mortgage not to exceed $130,000.00. The note will bear no interest and the principal will be due and payable upon the death of the wife, her remarriage, or December 1, 1998, whichever event first occurs. The court will have continuing jurisdiction over the terms and conditions of the mortgage note and deed prior to their execution.
6. Each party shall sign all necessary documents required to effect the real property orders.
7. Each party will continue to own free and clear of any claims of the others, all assets listed in their respective financial affidavits.
8. The husband shall continue to own free and clear of any claims by the wife, the Italian Pension Plan, his Social Security Disability benefits and the Pitney Bowes Pension. (The wife relinquished any claims as to the Pitney Bowes Pension on February 22, 1990 as reflected by Exhibit #2 on file with this court).
9. The husband will name the wife as the primary irrevocable CT Page 7788 beneficiary of his existing $130,000.00 Pitney Bowes life insurance policy, as well as any supplement and/or any dependent life coverage currently in existence. He shall continue to pay the premiums therefore and maintain the face value in the maximum amount permitted by the insurance policies. The husband, within 30 days from the date of this order, will provide to the wife a complete copy of the insurance policies together with all terms and conditions relating to the maintenance of the maximum amount of insurance policies. The husband will provide to the wife proof of payments of the premiums on an annual basis upon the wife's written request.
10. The husband shall execute an authorization directed to the life insurance companies issuing said policies to enable the wife to obtain information as to the status of the policies and the husband shall not revoke said authorization. The husband shall retain whatever ownership of said life insurance policies that he may have.
11. The evidence reflected that each party has their own health insurance policy. Therefore, no orders concerning the maintenance of health insurance will be entered.
12. Each party shall retain the household furnishings and personal property in his or her possession.
13. The husband shall be solely responsible for the payment of a automobile lease for the 1996 Toyota Corolla and hold the wife harmless therefrom.
14. The husband shall pay for, indemnify and hold the wife harmless from any and all tax liabilities, interest and penalties relating to the West Haven Connecticut laundry business.
15. If either party declines to sign a joint federal and state tax return for the calendar year 1995, either party may petition this court for an appropriate order and monetary relief in the form of additional lump sum payments. The court will retain continuing jurisdiction to render such relief despite the fact that no periodic alimony has been ordered.
16. Each party will pay their own attorney's fees.
Judgment may enter accordingly. CT Page 7789
Counsel for the plaintiff shall prepare the judgment file.
TIERNEY, J.